CATHERINE HAWKINS & others[1] *vs.* JAMAICAWAY PLACE CONDOMINIUM TRUST. April 3, 1991. *Negligence,* Condominium trust. *Condominiums,* Security devices.

The plaintiffs, Catherine and Stephen Hawkins, owned a unit in a condominium development managed by the defendant, Jamaicaway Place Condominium Trust (trust). They filed suit claiming that the trust was negligent in failing to install bars on the windows of their unit and that the trust's negligence resulted in physical and emotional injury when Catherine Hawkins was attacked by an assailant who entered through a window. The trust filed a motion for summary judgment. The judge allowed the motion, concluding that, in the circumstances, the trust had no duty to Catherine Hawkins to protect her from criminal attack. The plaintiffs appealed and we transferred the case to this court on our own motion. We affirm.

In November, 1982, Catherine Hawkins and her husband, Stephen, purchased a condominium unit on the first floor of the Jamaicaway Place Condominium. At that time, the Jamaicaway Place Condominium contained thirty-seven units. The unit deed conveyed to the plaintiffs an undivided 2.91% interest in the common areas in addition to the individual unit. The unit deed provides that ownership of the individual unit is subject to restrictions in the master deed, the trust and by-laws, and G. L. c.183A. The master deed provides that the Jamaicaway Place Condominium is managed and regulated by the trust. Each unit owner is a member of the trust and has an interest in proportion to the owner's interest in the common areas. Some of the trustees are selected by the unit owners. Others are appointed by the developer as long as he retains an interest in the condominium building.

The owner of a unit is responsible for the unit's interior maintenance and repair. The trust is responsible for arranging for the maintenance and repair of the common areas, and has the power to improve the property. The trust instrument provides that the trustees shall submit proposals for improvements to common facilities to unit owners. A proposal may be originated by the trustees, or by written request of twenty-five per cent of the unit owners. If owners holding seventy-five per cent of the interest approve the proposal, then the cost of the improvement is shared among all unit owners. If owners holding more than fifty per cent, but less than seventy-five per cent of the interest, agree to the improvement, then the improvement is made and the cost shared among those who agreed to it. Both the plaintiffs' unit deed and the master deed contain a provision requiring that the architectural integrity of the building be preserved without modification.

---

[1]Stephen and Benjamin Hawkins, Catherine's husband and son.

Shortly after moving in, the plaintiffs installed at their own expense a security alarm system on the doors of their condominium unit. They did not install an alarm system on the windows of the unit. Stephen Hawkins approached several trustees with the suggestion that bars be placed on first floor windows. One trustee responded that the trustees had no objection to security measures that the plaintiffs wished to install and pay for themselves, but that Hawkins would have to obtain the support of seventy-five per cent of the owners if bars were to be installed on all the windows and the cost shared. Hawkins did not pursue this matter with the trustee by reporting back on the extent of support for his suggestion among the unit owners. Hawkins did not prepare a written proposal for the trustees. Nor did he seek the support of twenty-five per cent of the unit owners to put such a proposal before the trustees. Neither Hawkins nor the trust placed bars on the windows of the plaintiffs' unit.

The plaintiffs argue that they are entitled to redress for negligent acts due to a "tyranny of the majority." Materials submitted by the plaintiffs show, however, that Stephen Hawkins never submitted any written proposals for window bars to the trustees. He was informed by a trustee that the trust would put up window bars if there was sufficient owner support, but Hawkins never pursued the matter with the trustees. It is unreasonable to seek redress from "a tyranny of the majority" if plaintiffs do not avail themselves of the remedies provided by the condominium trust.

Further, materials submitted by the plaintiffs show that they could have placed bars on the windows of their unit without the consent of the condominium trust. Thus, Hawkins was free to install window bars at his own expense. He needed the support of the unit owners only if the expense was to be shared by others. The plaintiffs also submitted an affidavit from a "security expert" stating that window bars are an inexpensive security device. Thus, the position of the plaintiffs is not comparable to a college student who reasonably must rely on the college to take appropriate security measures in a dormitory because the student lacks the capacity or incentive to install his own security devices. See *Mullins* v. *Pine Manor College*, 389 Mass. 47, 52 (1983). The judge thus properly allowed the trust's motion for summary judgment.

*Judgment affirmed.*

*Michael J. Traft* (*Diana J. Lumsden* with him) for the plaintiffs.
*Carol A. Griffin* (*Lawrence F. Boyle* with her) for the defendant.