## Dominic Luoni *vs.* Thomas Berube & another.[1]

Essex. May 1, 2000. - June 15, 2000.

Present (Sitting at Worcester): Marshall, C.J., Abrams, Lynch, Greaney, Ireland, Spina, & Cowin, JJ.

*Negligence,* Fireworks, Social host, One owning or controlling real estate. *Public Policy.*

A Superior Court judge correctly concluded that social hosts were not liable to a guest who was injured at a Fourth of July party by fireworks brought to the party and set off by other unidentified guests without the hosts' permission; the fireworks were not a dangerous condition on the property for which the homeowners were liable, nor was there a special relationship between the homeowners and the guest that would obligate the hosts to protect the guest from hazardous conduct on the part of other guests. [730-735]

Civil action commenced in the Superior Court Department on March 25, 1998.

The case was heard by *Peter F. Brady,* J., on a motion for summary judgment.

The Supreme Judicial Court granted an application for direct appellate review.

*Eric P. Finamore* for the plaintiff.

*Kevin Hensley* for the defendants.

Greaney, J. We granted the plaintiff's application for direct appellate review to decide whether, under common-law negligence principles, liability could be fastened on the defendants, social hosts, when the plaintiff, a guest at the defendants' Fourth of July party, was injured as the result of fireworks brought to the party and set off by other guests. We agree with the decision of a judge in the Superior Court, reached on a summary judgment record, that the defendants are not liable as matter of law. Accordingly, we affirm the judgment for the defendants.

We set forth the undisputed material facts, as we must for

---

[1]His wife, Sharon Berube.

summary judgment purposes, in the light most favorable to the plaintiff. See *Coveney* v. *President & Trustees of the College of the Holy Cross*, 388 Mass. 16, 17 (1983). On July 4, 1996, the defendants held a party at their home. The party lasted from noon until approximately 10 P.M., and was attended by an estimated thirty to fifty people, some of whom the defendants did not know. The plaintiff was one of the guests. The party included a cookout and a volleyball game. Shortly after dark, a few unidentified persons began to set off a fireworks display in the defendants' backyard. The display lasted approximately twenty minutes. Both defendants were aware of the fireworks display, although they testified in their depositions, and the plaintiff has offered no evidence to the contrary, that they did not provide the fireworks or know the identity of the persons setting them off. Neither defendant attempted to stop the fireworks display.[2]

When the fireworks began, the plaintiff moved from the area where they were being set off to a more protected site seventy to one hundred feet away. The plaintiff saw a half dozen devices being lit, including a "Roman candle" and "bottle rockets." Then, the plaintiff saw someone light and throw what, "[t]o [his] belief . . . was an M-80."[3] (The exact nature of an M-80 is not defined in the record.) At the instant the firework went off, he felt something hit him in the left eye. The plaintiff's injury, which all assume was caused by a fragment of debris, left him with a permanent defect in his vision in that eye.

The plaintiff asserts that these circumstances impose a common-law duty in negligence on the defendants. Whether the defendants could be found negligent presents a question of law, to be determined by reference to existing social values, customs, and considerations of policy. *Cremins* v. *Clancy*, 415 Mass. 289, 292 (1993), and cases cited. The judge, who guided himself by principles of social host liability concerning the use of alcohol,

---

[2]The plaintiff points to the fact that one of the defendants, Thomas Berube, stated during his deposition that he was intoxicated, having consumed fifteen beers during the course of the party. The plaintiff further points out that this defendant also admitted that his lack of attention to the fireworks was "irresponsible." These facts are not material because, if a duty existed on the part of the defendants to safeguard their guests from injury due to the fireworks, the duty applied without regard to whether the defendants were intoxicated or sober or seriously inattentive to events.

[3]The plaintiff stated during his deposition that it was the "loud noise" that made him believe the firework was an M-80.

and by a decision of the Appeals Court, *Flanagan* v. *Baker*, 35 Mass. App. Ct. 444 (1993), involving the use of firecrackers in a social host context, concluded that the defendants owed no duty to protect the plaintiff from the negligent use of fireworks because they did not provide or control the fireworks. The plaintiff maintains that the defendants, as landowners, owed him a duty to take actions reasonably necessary to prevent an unreasonable risk of harm, including the duty to exercise control over (1) a dangerous condition on their premises; and (2) the dangerous acts committed by third persons on their premises. Because, in the plaintiff's view, a jury could conclude that the defendants were negligent in failing to control or prevent the use of the fireworks, the grant of summary judgment in the defendants' favor was error. We disagree.

The duty of a landowner under general principles of common-law negligence governing dangerous conditions on his land is established. "A landowner must act as a reasonable [person] in maintaining . . . property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." *Mounsey* v. *Ellard*, 363 Mass. 693, 708 (1973), quoting *Smith* v. *Arbaugh's Restaurant, Inc.*, 469 F.2d 97, 100 (D.C. Cir. 1972), cert. denied, 412 U.S. 939 (1973). The obligation to maintain premises in a reasonably safe condition refers to preexisting physical conditions, as shown by the decisions to which the plaintiff cites. See, e.g., *Lindsey* v. *Massios*, 372 Mass. 79, 80 (1977) (hazard was poorly lit stairway); *Mounsey* v. *Ellard, supra* at 693 (hazard was accumulated ice); *Robert Williams, Inc.* v. *Ferris*, 355 Mass. 288, 289 (1969) (hazard was water pipe); *Milesi* v. *United States*, 946 F. Supp. 110, 112 (D. Mass. 1996) (hazard was hydraulic lift). There is no room in this branch of tort law for the plaintiff's contention that the fireworks somehow constituted a physical condition on the defendants' land for which they were responsible, because of the undisputed fact that the fireworks were brought to the party, and then lit, by third persons.

As a general rule, a landowner does not owe a duty to take affirmative steps to protect against dangerous or unlawful acts of third persons. See *Anthony H.* v. *John G.*, 415 Mass. 196, 200 (1993); *Dhimos* v. *Cormier*, 400 Mass. 504, 506-507 (1987). An exception to this rule may be found where there is a special relationship between the defendant landowner and a plaintiff.

See *Mullins* v. *Pine Manor College*, 389 Mass. 47, 51-52 (1983). We have decided that such special relationships exist in several situations, based either on responsibilities imposed by statute or common law (or both). A special relationship, when derived from common law, is predicated on a plaintiff's reasonable expectations and reliance that a defendant will anticipate harmful acts of third persons and take appropriate measures to protect the plaintiff from harm. See *Irwin* v. *Ware*, 392 Mass. 745, 756 (1984). See, e.g., *Fund* v. *Hotel Lenox of Boston, Inc.*, 418 Mass. 191, 192 (1994) (hotel and guests); *Mullins* v. *Pine Manor College, supra* at 56 (college and students); *Kane* v. *Fields Corner Grille, Inc.*, 341 Mass. 640, 641 (1961) (tavern owner and patrons). (For a collection of cases from other jurisdictions recognizing special relationships, see *Irwin* v. *Ware, supra* at 760-762.) We have never found such a special relationship between a homeowner and a social guest, which, absent other factors, would obligate the homeowner to protect guests on his premises from hazardous conduct on the part of other guests. See *Cremins* v. *Clancy, supra* at 294; *Ulwick* v. *DeChristopher*, 411 Mass. 401, 406-407 (1991); *Wallace* v. *Wilson*, 411 Mass. 8, 11-12 (1991). Decisions provided by the plaintiff to support his claim of such an expansive duty are based on exceptions, which prove the general rule. See, e.g., *O'Brien* v. *Christensen*, 422 Mass. 281, 288 (1996) (residential landlord); *Flood* v. *Southland Corp.*, 416 Mass. 62, 72 (1993) (store owner). Indeed, we find it curious that the plaintiff cites two decisions from other jurisdictions that directly refute his position. See *Wise* v. *Superior Court*, 222 Cal. App. 3d 1008, 1012-1013 (1990) (no duty of homeowner to prevent husband from shooting victims on premises, even though he was "human time bomb"); *Ventura* v. *Picicci*, 227 Ill. App. 3d 865, 869-870 (1992) (no duty of homeowner to prevent adult son from shooting plaintiff on premises, even though she furnished money to buy gun). The plaintiff's insistence that a special relationship exists in this case reflects a basic misunderstanding of common-law negligence. See *O'Flynn* v. *Powers*, 38 Mass. App. Ct. 936, 937 (1995).

The principles expressed in the Restatement (Second) of Torts § 318 (1965), set forth below, also do not help the plaintiff.[4] These principles address activities by a third person involving the use of a defendant's land itself, or the use of chattels possessed by a defendant, which are provided to the third

---

[4]Section 318 of the Restatement (Second) of Torts (1965) states:

person. See *Andrade* v. *Baptiste*, 411 Mass. 560, 563 (1992). The principles have no application to this case, where unidentified guests, without the defendants' permission, brought fireworks to the defendants' party. See *id.* Further, § 318 presupposes a landowner's ability to control or prevent the conduct of third persons, an ability which, as we shall next discuss, the defendants did not have over their guests. *Id.* Section 318 of the Restatement (Second) of Torts, does not impose a legal obligation on the defendants to test that ability.

The briefs and the judge's memorandum discuss the possible applicability to the situation here of the decisions concerning social host liability for injuries caused by an intoxicated guest. Alcohol and fireworks have similarities and dissimilarities. Both when misused can lead to harm, but one (alcohol) is legal, the other (fireworks) is not. Unlike the circumspect drinking of liquor, fireworks, even when used with precautions, can pose a danger to the user and others. The Appeals Court in *Flanagan* v. *Baker*, *supra*, examined facts where a teenager invited two friends to his home, one of whom brought firecrackers, from which the three boys constructed a pipe bomb. The bomb exploded, injuring one of the guests. The Appeals Court, relying on decisions of this court involving social guests and alcohol, concluded that the teenage host was not liable because he had neither provided the firecrackers nor controlled the making of the pipe bomb. *Id.* at 449. We think the *Flanagan* case was correctly decided, not necessarily because alcohol and fireworks are comparable, but because the common bond between the decisions involving social host liability for alcohol-related injuries, and the circumstances here, is the fact that the defendants did not provide the harmful item, did not control its use, and did not create the situation that caused the danger. See *Cremins* v. *Clancy*, *supra* at 296 (O'Connor, J., concurring) ("no person owes to another a duty to prevent the harmful consequences of a condition or situation he or she did not cre-

---

"If the actor permits a third person to use land or chattels in his possession otherwise than as a servant, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor

"(a) knows or has reason to know that he has the ability to control the third person, and

"(b) knows or should know of the necessity and opportunity for exercising such control."

ate"); *O'Gorman* v. *Rubinaccio & Sons*, 408 Mass. 758, 762 (1990) ("[The defendant bar] . . . owed no duty to intervene on behalf of anyone at risk because of [an intoxicated customer's] actions, because [the defendant] did not create or contribute to the danger"); *Yakubowicz* v. *Paramount Pictures Corp.*, 404 Mass. 624, 632-633 (1989) ("[w]e have never imposed tort liability on a defendant whose premises are simply used for the consumption of alcoholic beverages, even with the defendant's knowledge, where the defendant did not serve or supply the intoxicants"). See also *Zureck* v. *Wheeler*, 217 A.D.2d 545 (N.Y. 1995) (no liability on part of homeowners to social guest injured when another guest at party detonated fireworks in street in front of owners' residence).

The plaintiff asserts that the defendants, as homeowners in "positions of authority with respect to their guests," had the opportunity to control the behavior of their guests, and so their duty to monitor the use of fireworks, whether or not they had provided them, is an issue of fact to be resolved at trial. We disagree. The defendants did not furnish the fireworks or give permission for the display on their property.[5] Their status as social hosts carried with it neither the means, nor the legal obligation, to supervise or prevent the discharge of the fireworks by others.[6] See *Ulwick* v. *DeChristopher, supra* at 406. Were the rule otherwise, injuries to guests at parties would lead to considerable litigation, with plaintiffs claiming that social hosts should have supervised guests who misused alcohol, not furnished by the hosts, set off fireworks, not provided by the hosts, played dangerous games, engaged in horseplay around swimming pools, and so forth.[7]

Last, we reject the plaintiff's suggestion that, as matter of

---

[5] We reject the plaintiff's claim that the defendant, Sharon Berube, by watching the fireworks, gave tacit approval for their use, and so effectively had control over the situation and was as culpable as if she had actually lit the fireworks. See *Ulwick* v. *DeChristopher*, 411 Mass. 401, 405-407 (1991).

[6] While the ban on the sale, possession, and use of fireworks, see G. L. c. 148, § 39, could be relevant to prove negligence in an action against one who lit the injurious firework, it has no relevance in this case, for the simple fact that the defendants themselves did not violate the statute. Moreover, as this decision makes clear, the defendants did not owe the plaintiff a duty to protect against the actions, lawful or not, of third parties.

[7] Not directly involved in this case, but certainly at the periphery, is the fact that the lighting of fireworks is a blatant hazard, not unlike an "open and obvious danger." See *O'Sullivan* v. *Shaw, ante* 201, 206-207 (2000). The par-

public policy, we should create a new rule imposing a duty on social hosts to police their property, or otherwise control the activities of their guests. The concept of "duty," according to an authoritative treatise on tort law, "is not sacrosanct in itself, but is only an expression of the sum total of . . . considerations of policy which lead the law to say that the plaintiff is entitled to protection. . . . No better general statement can be made than that the courts will find a duty where, in general, reasonable persons would recognize it and agree that it exists." W.L. Prosser & W.P. Keeton, Torts § 53, at 358-359 (5th ed. 1984). In the process of line drawing, as the decisions cited in this opinion illustrate, our policy, consistently applied, has been to reject claims of liability against social hosts in negligence, in the absence of a recognized legal basis requiring them to protect guests. Summary judgment was properly granted for the defendants.

*Judgment affirmed.*

---

ties have not raised this point, and, obviously, we do not rest our decision on it.