Rescript Opinions.

PHYLLIS FEINSTEIN vs. CYNTHIA BEERS, trustee,[1] & others.[2] No. 01-P-1635. January 8, 2004. *Negligence,* Standard of care, One owning or controlling real estate, Duty to warn. *Condominiums,* Security devices.

On a July night, Phyllis Feinstein went to sleep in her fourth-floor residence at Independence Condominiums. Prior to retiring, Feinstein left the sliding glass door leading to her balcony open several inches for air. As a security measure, Feinstein placed an undersized wooden dowel in the door's track to prevent the door from being slid open further. As Feinstein lay sleeping, an intruder entered and stabbed her in the chest with a knife. Her assailant, the brother of the next door unit owner, climbed over the gate that separated the adjoining balconies and gained entry by using a coat hanger to remove the wooden dowel.

Feinstein sued the trustees of the Independence Condominium Trust (the condominium association) and Peabody Properties, Inc. (the management company) (collectively, the defendants) for negligence in their failure to warn against such use of a dowel as a secondary security measure. She did not allege negligence in the design, maintenance or security of the fourth-floor balcony that she shared with her neighbor. On motion, the judge granted summary judgment, ruling that the defendants had no duty to warn Feinstein because the risk of leaving a door partially open, secured only by a dowel in the track to prevent further opening, was obvious.

The judge denied summary judgment on the remaining counts, which alleged that Feinstein was a third-party beneficiary to the contract between the management company and the condominium association; the condominium association was negligent in the selection, hiring, supervision, and retention of the management company; and the condominium association failed to perform its contractual duties to provide management services. These counts later were dismissed on the defendants' subsequent and unopposed summary judgment motion and are not before us on appeal.

On appeal, Feinstein contends that the judge erred because (1) there were disputed factual issues as to the extent of the condominium association's control over the common areas; and (2) the judge incorrectly concluded that the risk of leaving a door partially open and using a dowel, as Feinstein had done, was obvious to a person of average intelligence. We affirm.

"Whether a defendant has a duty of care to the plaintiff in the circumstances is a question of law for the court, to be determined by reference to existing social values and customs and appropriate social policy." *O'Sullivan* v. *Shaw,* 431 Mass. 201, 203 (2000). "As a general rule, a landowner does not owe a duty to take affirmative steps to protect against dangerous or unlawful acts of third persons." *Luoni* v. *Berube,* 431 Mass. 729, 731 (2000). See *Dhimos* v. *Cormier,* 400 Mass. 504, 506-507 (1987); *Anthony H.* v. *John G.,* 415 Mass. 196, 200 (1993).

This is not a case where entry was made through a door that was closed but

---

[1]Of the Independence Condominium Trust

[2]Thomas Crilley, Phyllis Contestabile, Barbara Turner, Brian Gingras, David Dennis, and Barbara Hawley, trustees of the Independence Condominium Trust; and Peabody Properties, Inc.

incapable of being locked.[3] Here, the assailant entered through a partially open door that was secured against further opening only by an undersized dowel. We agree with the motion judge that the defendants owed Feinstein no duty because the danger arising from leaving a door partially open with only a dowel to prevent entry is obvious to persons of average intelligence. See *O'Sullivan* v. *Shaw*, 431 Mass. at 204.

"Landowners are relieved of the duty to warn of open and obvious dangers on their premises because it is not reasonably foreseeable that a visitor exercising (as the law presumes) reasonable care for his own safety would suffer injury from such blatant hazards." *Ibid.* "[W]here a danger would be obvious to a person of ordinary perception and judgment, a landowner may reasonably assume that a visitor has knowledge of it and, therefore, 'any further warning would be an empty form' that would not reduce the likelihood of resulting harm." *Ibid.*, quoting from *LeBlanc* v. *Atlantic Bldg. & Supply Co.*, 323 Mass. 702, 705 (1949).

The inquiry is an objective one that focuses on the reasonableness of a defendant's conduct, presumes that a plaintiff was exercising reasonable care for his own safety, and asks whether the dangerous condition was, objectively speaking, so obvious that the defendant could reasonably conclude that an ordinarily intelligent plaintiff would perceive and avoid it, and, therefore, that any further warning would be superfluous. *Id.* at 206. The risk of an intruder entering through a fully open door is obvious. The risk inherent in leaving a door partially open with only an undersized dowel in its track to prevent against further opening is equally obvious.

Contrary to Feinstein's suggestion, there is no special relationship between the defendants and herself that imposes a duty to warn of a dangerous condition. Notwithstanding the fact that the condominium association controls the common areas, including Feinstein's balcony, the defendants have no say in whether or when Feinstein may choose to keep her doors open, fully or partially. The intruder's entry was not dependent on Feinstein's capacity or incentive to install her own security devices. See *Hawkins* v. *Jamaicaway Place Condominium Trust*, 409 Mass. 1005, 1006 (1991). Nor is her position comparable to a college student who reasonably must rely on others for security. See *Mullins* v. *Pine Manor College*, 389 Mass. 47, 51-52 (1983). Compare *Fund* v. *Hotel Lenox of Boston, Inc.*, 418 Mass. 191, 192 (1994). Unlike in *O'Brien* v. *Christensen*, 422 Mass. 281, 286-287 (1996), here there was no physical defect in the premises for which an express obligation to repair was imposed upon the defendants in the condominium documents or the management agreement.

There is no contention that the defendants supplied Feinstein with the dowel, represented that it was an appropriate security device, controlled its use, or created the situation that caused the danger. See *Luoni* v. *Berube*, 431 Mass. at 733. Neither defendant was aware of any unlawful entry into other units by analogous means. See *id.* at 734 & n.7. Feinstein's assertion that one unit had been broken into through a sliding glass door in 1988, and that the

---

[3]At the time in question, the lock to the sliding glass door was inoperable, a fact about which Feinstein never notified the defendants. Whether Feinstein or the trustees had the authority to replace the broken lock is immaterial because the problem lay in Feinstein's leaving the door partially open.

police had reported a youth who was not a condominium resident jumping from a balcony to the ground and running away in 1992, is unavailing. Even if true, such incidents do not provide the defendants with special knowledge or lessen the obvious nature of the risk of entry through a partially open door secured with a dowel. See *Whittaker* v. *Saraceno*, 418 Mass. 196, 200 (1994) (possibility of criminal conduct present in almost every aspect of daily life).

*Judgment affirmed.*

*Carmen L. Durso* for the plaintiff.
*David Joseph Donovan* for the defendants.