Murtagh, J.

INTRODUCTION

Plaintiff Joseph Boike (“Boike”) brought this action against defendant Brinker Massachusetts Corporation dba Chili’s Grill & Bar seeking damages for injuries he suffered as the result of a slip and fall on the defendant’s premises. The matter is before the court on the defendant’s motion for summary judgment. For the following reasons, the defendant’s motion for summary judgment is ALLOWED.

BACKGROUND

On April 30, 2001, Boike went to the defendant’s premises for the purposes of replacing Brinker’s computer system. The computers were located in a second floor office, accessible only by way of a flight of stairs located in the restaurant’s kitchen. When Boike arrived on the premises, maintenance workers were preparing to clean the kitchen floors as well as the stairs leading to the second floor office. Boike saw the maintenance workers and was aware that they were going to be cleaning the kitchen and the surrounding area.
Boike began working on the computers, using the stairs several times in the process. Although the stairs were dry on his first trip up, the second and third times Boike used the steps they were wet and soapy and the maintenance workers had begun mopping. The soap and water were visible to Boike at all times as was the fact that the floor and stairs were greasy.[1] On Boike’s *41 third time up the stairs, “it was so soapy . . . [he] had soap, or water coming down [his] work boots.”
Boike was aware that the presence of soap and water presented a danger of falling. He walked “gingerly,” was “extra careful” and held on to the railing when he could. At some point prior to his fourth time up the stairs, Boike almost fell. This led Boike to speak to the manager and inquire as to when the maintenance men would be finished cleaning. The manager asked that Boike let the men finish their job. Despite this request, Boike continued using the stairs. On Boike’s fourth trip up the stairs, while the steps were still wet, soapy, and greasy, Boike slipped and fell, injuring himself.

DISCUSSION

Under the common law, a landowner owes a duty of reasonable care to all visitors. O’Sullivan v. Shaw, 431 Mass. 201, 204 (2000). This duty includes an obligation to “maintain premises in reasonably safe condition... and to warn visitors of any unreasonable dangers of which the landowner is aware or reasonably should be aware.” Id., and cases cited. This duty does not extend to dangers “that would be obvious to persons of average intelligence” as it is “not reasonably foreseeable that a visitor exercising (as the law presumes) reasonable care for his own safety would suffer injury from such blatant hazards.” Id. In determining the duty of a landowner to warn, the inquiry is “whether the dangerous condition was, objectively speaking, so obvious that the defendant could reasonably conclude that an ordinarily intelligent plaintiff would perceive and avoid it, and, therefore, that any further warning would be superfluous.” Feinstein v. Beers, 60 Mass.App.Ct. 908, 909 (2004).
The slippery condition of the floor and stairs on the defendant’s premises was an open and obvious danger. As such, the defendant was not obligated to provide Boike with what would have been a “superfluous” warning. According to Boike’s own testimony, he was aware that the stairs were not only wet and “soapy as hell” but also that they were greasy. He was also aware that it was potentially dangerous to walk on such a slippery surface. Boike acknowledged that such danger was “obvious” and that, in light of that risk, he had walked “gingerly,” had held on to the railing where he could and had been “extra careful.” Boike had also almost slipped and fell just prior to falling down the steps, more evidence that he was aware of the danger involved in using the stairs. As a person of average intelligence would know the risk created by these conditions, the defendant was not obligated to warn Boike of the obvious danger.[2]
Boike contends that, regardless of whether the risk was open and obvious, the defendant failed to use reasonable care when he invited Boike to work on his premises, knowing that Boike would have to cross the kitchen and use the stairs while they were being cleaned. However, the fact that Boike needed to use the stairway while it was being cleaned in order to perform his job does not place an additional duty of care upon the defendant. The defendant was still required only to give the plaintiff due warning of any unobvious dangers. See Foley v. J.R. Whipple Co., 214 Mass. 499, 501 (1912) (finding that defendant employer who required plaintiff to use a faulty stairway to perform her job had a duty to either see that the stairway was reasonably safe or to warn the plaintiff of any unapparent dangers); see also Baldwin v. Pisacreta, 5 Mass.App.Ct 810 (1977) (holding that an employer has no duty to warn an employee mowing a lawn of the danger of slipping on wet grass). In the case of an apparent danger, the open and obvious rule “operates to negate a [landowner’s] duty of care” to an invitee. O’Sullivan, 431 Mass, at 206. The open and obvious rule assumes that a person exercising reasonable care, confronted with an obvious danger, will avoid that danger, or proceed at his own risk. Id. When a plaintiff is aware of a danger on a landowner’s premises, but chooses to proceed in spite of that danger, imposing liability on the defendant would “establish an unreasonable standard of perfection rather than . . . enforce the recognized duty of care.” Greenfield v. Friedman, 328 Mass. 272, 275 (1952). A landowner is “not obliged to supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as the circumstances reasonably indicate.” Lyon v. Morphew, 424 Mass. 828, 833 (1997), quoting Tobiana v. Priestly, 402 Mass. 84, 88 (1988).
In the present case, Boike had an opportunity to avoid the danger created by the greasy, soapy stairs. He could have waited until the maintenance men finished cleaning before starting his work. The defendant’s manager, in fact, requested that Boike wait. Boike, however, felt that he did not have time to delay his work and continued to use the stairs while they were being cleaned. While Boike could have waited but chose not to, he did not exercise “such minimum care as the circumstances reasonably indicate[d].” As a result, the defendant is not liable for any injuries that Boike suffered as a result of his decision to continue using the stairs.
For the foregoing reasons, the court finds that the danger created by the slippery floor and stairs was open and obvious to Boike and, therefore, the defendant did not breach his duty of care by failing to provide a warning. Accordingly, the defendant’s motion for summary judgment is allowed.

ORDER

For the reasons stated herein, it is hereby ORDERED that the defendants’ motion for summary judgment be ALLOWED.

Boike stated that there “appeared to be a thin layer of grease covering the entire kitchen as well as the stairway, with a lot of soapy water covering about half the floor.”

Boike contends that because floors that are greasy are 35% more slippery than floors that are just wet, a fact known to the defendant but not otherwise commonly known, the danger to Boike in crossing the floors was not open and obvious. However, Boike was aware that the floors were greasy. The court finds that a person of ordinary intelligence would know that a greasy floor is more slippery than a wet floor, regardless of percentages. Therefore, the risk to Boike was still open and obvious and the defendant had no duty to warn.