MARIA K. JUDGE & another[1] vs. DENNIS CARRAI & others.[2]

No. 09-P-1576.

Middlesex. May 19, 2010. - September 24, 2010.

Present: BERRY, GREEN, & RUBIN, JJ.

*Practice, Civil,* Summary judgment. *Negligence,* Standard of care, Duty to prevent harm, Athletics, One owning or controlling real estate.

Discussion of the legal principles involved in determining when to impose a duty of care on the defendant in a negligence action. [805-806]

In a negligence action brought by a plaintiff who was injured when she was struck by a softball while at a gathering hosted by two defendants at their home, the judge erred in granting summary judgment in favor of a third defendant, who organized and participated in the softball game, where a rational finder of fact could conclude that the third defendant's activity in pitching and hitting a softball with a metal bat in close proximity to a porch on which the plaintiff and other persons were seated was negligent [806-807]; further, the judge erred in entering summary judgment in favor of the two defendant hosts, where they owned the softball equipment and thus held the right to control its use; and where they were present and aware that their equipment was being used and that it posed a risk of injury to the guests seated on the porch [807-809]. BERRY, J., dissenting.

CIVIL ACTION commenced in the Superior Court Department on March 1, 2006.

The case was heard by *Herman J. Smith, Jr.,* J., on motions for summary judgment.

*Donald L. Gibson* for the plaintiffs.

*Robert F. Feeney* (*Anne Paone* with him) for Dennis Carrai & another.

*Steven C. Kennedy* for Anthony Kuczinski.

GREEN, J. The plaintiff Maria K. Judge (Maria)[3] suffered

---

[1]Frank Judge.

[2]Virginia Kurkowski and Anthony Kuczinski.

[3]We refer to the plaintiffs individually by their first names to avoid confusion, or collectively as plaintiffs.

serious injuries when she was struck in the back of her head by a softball hit by a metal bat from twenty feet away. At the time of her injury, Maria was a guest at a gathering hosted by the defendants Dennis Carrai and Virginia Kurkowski (hosts) at their home. The hosts and some guests, like Maria, were seated on the porch; other guests, including the hosts' teenage children, were participating in a softball game in close proximity to the porch. At issue is whether her hosts owed Maria a duty to stop the softball game after it became clear that it posed a risk to guests on the porch, and whether the defendant Anthony Kuczinski may be held liable for his involvement as organizer and participant in the game. A judge of the Superior Court allowed the defendants' motions for summary judgment, concluding that none owed Maria a duty of care. We reverse.

*Background.* Viewed in the light most favorable to the plaintiffs, see *Somers* v. *Converged Access, Inc.,* 454 Mass. 582, 584 (2009), the record supports the following facts. On June 5, 2004, the defendants Carrai and Kurkowski hosted a gathering of family and friends at their home to celebrate the confirmation of their son, Matthew. Among the guests were the plaintiffs Maria and Frank Judge.[4] Carrai, Kurkowski, and the plaintiffs were seated on the unenclosed rear porch of the house. At some point, the defendant Kuczinski shouted "who wants to play softball," while handing out gloves, a ball, and a metal bat owned by Carrai and Kurkowski and retrieved from their garage. Several children joined the game, including Matthew Carrai (the guest of honor), Matthew's twelve year old brother Daniel and Elyse Judge (the plaintiffs' daughter). Kuczinski's daughters also participated. Kuczinski was the only adult participant. The area available for the field was quite small; the players designated markers to serve as first, second, and third "bases," but there was no room for an outfield. The "third base line" was approximately fifteen feet from the house, running parallel to the side of the porch. Maria was sitting in a chair on the porch, with her back to the game.

The "game" itself was quite informal. There were no teams, no score, no baserunning, and no formal rules. The activity consisted principally of players taking turns at bat, with no

---

[4]Maria is Kurkowski's sister, and Frank Judge is Maria's husband.

count of balls or strikes. Because of the close quarters, Kuczinski admonished the batters to "bunt" or swing down on the ball, and not to take full swings, so as to reduce the distance a batted ball might travel. Nonetheless, at some point during play, a batted ball flew in the direction of the house, landing on the porch roof. Frank Judge (Frank) commented to Carrai that he hoped his (Carrai's) homeowner's insurance policy premium was paid, since the ball narrowly missed hitting a skylight on the porch roof. The game continued and a short time later, with Kuczinski pitching to Daniel Carrai, Daniel hit a foul line drive toward the porch, where it struck Maria on the back of her head, causing her serious injury.

*Discussion.* A party is entitled to summary judgment when there is no genuine issue of any material fact, so that judgment may enter as a matter of law. See Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). "The party moving for summary judgment assumes the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue, even if he would have no burden on an issue if the case were to go to trial." *Pederson* v. *Time, Inc.,* 404 Mass. 14, 17 (1989). However, the moving party may meet that burden by showing that the nonmoving party has no reasonable expectation of proving an essential element of his case at trial. See *Kourouvacilis* v. *General Motors Corp.,* 410 Mass. 706, 710 (1991). In a claim alleging negligence, whether a defendant owes a duty of care is a question of law, "and is thus an appropriate subject of summary judgment." *Jupin* v. *Kask,* 447 Mass. 141, 146 (2006).

"As a general principle of tort law, every actor has a duty to exercise reasonable care to avoid physical harm to others." *Remy* v. *MacDonald,* 440 Mass. 675, 677 (2004), citing Restatement (Second) of Torts § 302 comment a (1965). "A precondition to this duty is, of course, that the risk of harm to another be recognizable or foreseeable to the actor." *Jupin* v. *Kask, supra* at 147. "There are a limited number of situations, however, in which the other legal requirements of negligence may be satisfied, but the imposition of a precautionary duty is deemed to be either inadvisable or unworkable. See, e.g., *Luoni* v. *Berube,* 431 Mass. 729, 731 (2000) (social host owes no duty of reasonable care to protect guests from fireworks set by third party);

*Cremins* v. *Clancy*, [415 Mass. 289,] 292, 294 [(1993)] (social host who has not provided liquor owes no duty of reasonable care to protect travelers on highway from intoxicated guest); *Wallace* v. *Wilson*, 411 Mass. 8, 12 (1991) (parent not responsible for injuries incurred by guest at 'young person's' party, even though parent was aware of drinking); *Schofield* v. *Merrill*, 386 Mass. 244, 245 (1982) (affirming traditional rule that landowner owes adult trespasser no duty of reasonable care)." *Remy* v. *Mac-Donald*, *supra.* Nonetheless, as a general matter "a defendant owes a duty of care to all persons who are foreseeably endangered by his conduct, with respect to all risks which make the conduct unreasonably dangerous." *Jupin* v. *Kask*, *supra*, quoting from *Tarasoff* v. *Regents of the Univ. of Cal.*, 17 Cal. 3d 425, 434-435 (1976). With these principles in mind, we consider the plaintiffs' claims of duties owed by the respective defendants.

a. *Kuczinski.* There is little question in the present case that a rational factfinder could conclude that the risk in the circumstances that a batted ball could strike a person sitting on the hosts' porch, causing injury, was foreseeable. The game was played in close quarters, within fifteen or twenty feet from the porch, and one ball had already landed on the roof above the porch. Kuczinski had admonished participants to try to swing down, bunt, or take less than a full swing, based on the limited space available. Indeed, as Kuczinski himself argues, the danger was sufficiently apparent as to permit a conclusion that it was open and obvious to a person of average intelligence.[5] However, the duty to warn is separate and distinct from the duty of care, and the fact that a danger is open and obvious does not operate to negate a duty of care. See *Soederberg* v. *Concord Greene Condominium Assn.*, 76 Mass. App. Ct. 333, 339 (2010). Viewed in the light most favorable to the plaintiffs, Kuczinski could be considered to have organized the game, and as the lone adult involved in the game he could be viewed as having possessed the stature or authority to direct the conduct of its participants.

---

[5]The plaintiffs' suggestion that Maria was personally unfamiliar with the game of baseball, in response to the argument that the danger was open and obvious, is unavailing; the test is an objective one. See *Costa* v. *Boston Red Sox Baseball Club*, 61 Mass. App. Ct. 299, 303 (2004).

Moreover, he pitched the ball that resulted in the injury. In short, a rational finder of fact could conclude that Kuczinski's activity in organizing and participating in the activity of pitching and hitting a softball with a metal bat in close proximity to the porch on which persons were seated was negligent, and it was error to allow his motion for summary judgment.[6]

b. *Carrai and Kurkowski.* As a general matter, "an owner or possessor of land owes to all persons lawfully on the premises a common-law duty of reasonable care to maintain the property in a reasonably safe condition." *Costa* v. *Boston Red Sox Baseball Club,* 61 Mass. App. Ct. 299, 302 (2004). The duty to maintain generally refers to preexisting conditions, and generally excludes responsibility for injuries caused by the acts of third parties. See *Luoni* v. *Berube, supra.* Landowners may be held liable for the foreseeable acts of third parties, including criminal acts, if they stand in a special relationship to the plaintiff, but no Massachusetts case has treated a social host as falling among such special relationships, absent other factors. See *id.* at 731-732.

However, property owners may be held liable in certain circumstances for injuries caused by actions of third persons, even in the absence of a special relationship. See, e.g., *Jupin* v. *Kask, supra* at 147-148 (property owner may be held liable for injuries caused by mentally unstable third party's use of firearm stored in location to which that third party had unimpaired access). In particular, under § 318 of the Restatement (Second) of Torts:

> "If the actor permits a third person to use land or chattels in his possession otherwise than as a servant, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor
>
> "(a) knows or has reason to know that he has the ability to control the third person, and

---

[6]We reject the plaintiffs' alternative suggestion that Kuczinski voluntarily assumed a duty to render services necessary for the protection of Maria. See Restatement (Second) of Torts § 323.

"(b) knows or should know of the necessity and opportunity for exercising such control."[7]

The present case fits comfortably within the rubric of § 318, and is readily distinguishable from *Luoni* v. *Berube, supra,* and the other cases cited therein which declined to assign responsibility to property owners or social hosts for the acts of third parties, in that the hosts owned not only the property on which the dangerous activity occurred, but owned the equipment used to conduct it. Though property owners hold no obligation generally to police the conduct of third parties lawfully present on their property, and are not responsible for injuries caused by third parties using, for example, fireworks or alcohol not furnished by the property owners, the hosts' ownership of the equipment used in the softball game places them in a different position of control. Because they owned the softball equipment, they held the right to control its use; their guests were entitled to use it only with the hosts' permission (either direct or tacit). The hosts were present and aware that their equipment was being used, and (a rational factfinder could conclude) aware that its use posed a risk of injury to guests seated on the porch. They accordingly held a duty of care toward Maria, and it was error to enter summary judgment in their favor.[8]

Our holding is necessarily limited to the propriety of summary judgment on the record in this case, and the question whether the defendants held a duty of care to the plaintiffs. We intimate no view on whether the defendants are in fact liable in

---

[7]No Massachusetts case has explicitly adopted § 318 of the Restatement (Second) of Torts. However, we note that it was cited with approval in *Jupin* v. *Kask, supra* at 156, even though that case may not fit within § 318. And in *Coombes* v. *Florio*, 450 Mass. 182, 207 n.3 (2007) (Cordy, J., dissenting), § 318 is cited to support the proposition that the Supreme Judicial Court has previously recognized "the duty of a possessor of land or chattels to control the conduct of his licensee." Moreover, *Luoni* v. *Berube, supra* at 732-734, took pains to distinguish § 318.

[8]We reject the plaintiffs' alternative suggestion that the hosts may be held liable for the conduct of their minor son; such a duty exists only where the parents know or should know of the child's propensity for the type of harmful conduct complained of, and has the opportunity to take reasonable corrective measures. See *Smith* v. *Bickford*, 50 Mass. App. Ct. 112, 113-114 (2000). The record in the present case shows no indication that Daniel Carrai has any such propensity.

tort, or whether the plaintiffs are entitled to recover damages. The questions of the defendants' liability, and the plaintiffs' entitlement to damages, turn on a variety of disputed questions of fact, including whether the conduct of the game posed an unreasonable risk of bodily harm to persons sitting on the porch, and whether Maria was herself negligent for remaining seated with her back to the game after its danger became apparent (including, if so, the degree to which her negligence contributed to the cause of her injury). But such questions are the province of a fact finder. On the narrow question presented in the plaintiffs' appeal — whether the defendants owed the plaintiffs a duty of care — and viewing the summary judgment record in the light most favorable to the plaintiffs, we conclude that the judge erred in entering summary judgment in the defendants' favor.

The judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion.

*So ordered.*

BERRY, J. (dissenting). I respectfully dissent because the majority opinion does not accord with Massachusetts tort law and is adrift from common real life happenings, including, in particular, the playing of baseball, day upon day, at parties, barbeques, and other social gatherings in homeowner backyards across the Commonwealth, indeed across the nation.

As the majority acknowledges, Massachusetts jurisprudence has not adopted the black letter principles of § 318 of the Restatement (Second) of Torts (1965) in the way this decision interprets those principles. See *Andrade* v. *Baptiste*, 411 Mass. 560, 562-563 (1992) (declining to apply § 318); *Luoni* v. *Berube*, 431 Mass. 729, 732-733 (2000) (declining to apply § 318); *Lev* v. *Beverly Enterprises-Mass., Inc.*, 457 Mass. 234, 243 (2010) (declining to apply § 318); *Husband* v. *DuBose*, 26 Mass. App. Ct. 667, 672 n.2 (1988) (declining to apply § 318). To this end, the Supreme Judicial Court took pains to distinguish § 318 in *Luoni* v. *Berube, supra.*

Furthermore, even if Massachusetts law had wholly adopted § 318, that section only imposes a duty on the land owner

where a third party created "an unreasonable risk of bodily harm." On the facts here, a backyard game of baseball is not so unreasonably risky as to impose a duty on a homeowner to immediately end the game to protect guests from possible harm.

In short, the majority opinion creates an untoward extension of tort law, predicated entirely on a section of the Restatement (Second) of Torts that has never been accepted by the Commonwealth's courts. "As a general principle of tort law, '[t]here is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another,' " but there is a special duty to third parties "in narrowly prescribed circumstances, where a special relationship exists between the person posing the risk and the one who can prevent the harm." *Lev* v. *Beverly Enterprises-Mass., Inc, supra* at 242, quoting from Restatement (Second) of Torts § 315.

Apart from my reservations concerning the § 318 legal analysis, I see an untoward aftermath on the practical front — it is an indication that the law is not right when it flies in the face of common sense. The reality is that baseball, the quintessential American game, is in constant play at countless gatherings and backyards across the Commonwealth. If the majority's theory of homeowner liability in these situations is the law of the Commonwealth, these home-based baseball games could be played only on large acreage house lots, with such expanse that there is a mini baseball field, with sufficient outfield and infield buffer for stray hit balls. But, big lot baseball is not the reality of everyday life for most folks; rather, backyard and pick-up baseball games are played every day in smaller lots within our cities and within densely populated suburbs.

To prescind for a moment, the imposition of liability envisioned in the majority opinion may be read so sweepingly as to impose potential homeowner liability where other backyard games are in play: would not a game of horseshoes pose a risk of liability to the homeowner if the heavy pieces were pitched awry and hit a guest; would there not be potential liability looming for a homeowner in a backyard volleyball game, where a tipped ball may go astray and forcefully hit a guest in the face; would not bocce be a liability risk to a homeowner if a guest were to be struck by a hard-thrown ball?

In sum, I dissent because the majority's legal analysis under § 318 of the Restatement (Second) of Torts is not supportable in Massachusetts law. The negative practical effects only serve to highlight the legal problem.