Curran, Dennis J., J.
Robin Navarro has sued Edward A. Bond, Jr., in his capacity as trustee of Spring Realty Trust, for injuries she sustained when she slipped and fell on ice while getting out of her car at her workplace. Spring Realty Trust owns the property where she fell and leases a portion of it to Ms. Navarro’s employer, Bond Brothers, Incorporated. This matter is before the Court on the defendant’s motion for summary judgment. Spring Realty Trust contends that it owed no duty to the plaintiff to maintain the area where she fell. For the following reasons, Spring Realty Trust’s motion for summary judgment is ALLOWED.
BACKGROUND
At the time of the fall, Ms. Navarro was employed by Bond Brothers, Incorporated, a construction company. It is undisputed that Ms. Navarro badly injured her ankle after slipping and falling on ice in the parking lot of the premises where the Bond Brothers office is located. Bond Brothers occupies two-thirds of the office space and another tenant, New England Utility Constructors, occupies one-third of the office space. Both tenants utilize the parking lot for their employees and guests. The two tenants split the taxes, insurance, and water and utility bills proportionately.
Edward A. Bond, Jr. is both the chief executive officer of Bond Brothers and the sole trustee of the Spring Realty Trust. The last written lease between Bond Brothers and Spring Realty Trust was executed in 1989. The 1989 lease expired in 1992 but the parties have performed under it since 1989. Bond Brothers and Spring Realty Trust have exhibited a mutual understanding that Bond Brothers was in charge of snowplowing and sanding the premises, including the parking lot where Ms. Navarro fell. This understanding has been in effect for at least the last thirty-four (34) years. On the morning of Ms. Navarro’s injury, the parking lot was hazardous and in need of treatment. Bond Brothers employees began to treat the parking lot, but had not reached the area of the lot where Ms. Navarro parked and fell. Ms. Navarro has alleged that Spring Realty Trust negligently: 1) caused or allowed a dangerous accumulation of ice to occur; 2) failed to remove the accumulation; 3) failed to treat the accumulation; and 4) failed to warn her of the accumulation.
DISCUSSION
Summary judgment is granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). For issues that the moving party does not have the burden of proof at trial, the absence of a triable issue may be shown by the submission of affirmative evidence that negates an essential element of the opposition’s case, or materials showing “that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts that would establish the existence of a genuine issue of material fact. Id. Parties may not rely on bare assertions and conclusions to create a dispute necessary to defeat summary judgment. Benson v. Massachusetts Gen. Hosp., 49 Mass.App.Ct. 530, 532 (2000), quoting Polaroid Corp. v. Rollins Envtl. Servs., Inc., 416 Mass. 684, 696 (1993). The court views the evidence in the light most favorable to the non-moving party, but does not weigh the evidence, assess credibility, or find facts. Attorney General v. Bailey, 386 Mass. 367, 370-71 (1982).
Negligence claims require that the plaintiff prove, first and foremost, that the defendant owed the plaintiff a duty of care. Jupin v. Kask, 447 Mass. 141, 146 (2006). The existence, or not, of a duty is an issue of law appropriate for summary judgment. Remy v. MacDonald, 440 Mass. 675, 677 (2004).
In the context of a commercial lease, a commercial landlord “is liable in tort for personal injuries only if either (1) he contracted to make repairs and made them negligently, or (2) the defect that caused the *50 injury was in a common area,’ or other area appurtenant to the leased area, over which the lessor had some control.” Humphrey v. Byron, 447 Mass. 322, 328 (2006), quoting Chausse v. Coz, 405 Mass. 264, 266 (1989).
A) Terms of the Lease
Landlords may be liable in tort if they, or an independent contractor they hire, negligently maintain or repair their property. O’Brien v. Christensen, 422 Mass. 281, 285-87 (1996). This duty is typically found where a landlord expressly contracts to make repairs. Humphrey, 447 Mass. at 329. Here, Ms. Navarro argues that Spring Realty Trust “retained” Bond Brothers to perform routine maintenance, including the removal of snow and ice on the property. Despite this contention, the summary judgment record contains no evidence showing that Spring Realty Trust retained, hired, or contracted with Bond Brothers for snow and ice removal and maintenance.
The 1989 lease is silent as to which party is responsible for the maintenance of the property. The record and undisputed facts, however, show that Bond Brothers performed all of the property-related maintenance and that Bond Brothers was not compensated for this work. There was no independent contractor relationship between the parties. The plaintiff herself stated under oath that she believed Bond Brothers performed the snow removal work “in-house” and that she had never seen an outside contractor perform any snow removal. Her contention that Bond Brothers was “retained” is without factual support and represents the type of bare assertion that is insufficient to defeat summary judgment.
B) Control Over the Area of the Fall
In evaluating if a duty of care extends to a given situation, whether a landlord exercised “some control” over common or appurtenant areas will be a determinative factor. Humphrey, 447 Mass. at 328-29. “Massachusetts case law recognizes a distinction between the leased premises themselves and ‘common’ or ‘appurtenant’ areas outside the leased premises, such that ordinarily, the tenant is responsible for the leased premises and the landlord, perhaps jointly with the tenant, is responsible for common or appurtenant areas.”[1] Id. at 329.
In Humphrey, the Supreme Judicial Court held that the following situations are insufficient to show a landlord’s exercise of control over the premises: a landlord’s use of the premises for storage; a landlord’s use of common driveways and parking spaces; lease restrictions limiting tenant’s choice of paint colors; lease restrictions prohibiting animals and certain chemicals from the property; and a landlord’s reservation of the right to enter the premises. Id. at 330. However, a lease restriction prohibiting the tenant from making repairs and/or alterations without the landlord’s approval may indicate an exercise of control by the landlord. Id.
Here, the record shows that Bond Brothers was entitled to use the entire premises, except the area expressly held by the other tenant, as it saw fit.[2] The lease contains no mention of the terms “common” or “appurtenant” areas. There is no record evidence that Spring Realty Trust ever limited what Bond Brothers was able to do on the property. Bond Brothers has continually treated the so-called common areas as if they were its own responsibility. It has not billed Spring Really Trust for the maintenance work done to the building or common areas. The simple fact that another tenant shares the parking lot and office space with Bond Brothers is not sufficient to create the existence of a duty of care between Ms. Navarro and Spring Realty Trust.
The plaintiff relies on Monterosso v. Gaudette, 8 Mass.App.Ct. 93 (1979), to evade summary judgment. That case is of no avail. Instead, it speaks to a situation where both the landlord and tenant exercised control over a common area. In Monterosso, the landlord was expressly obligated, by lease provisions, to make all structural and major repairs. Id. at 97. In addition, the tenants were restricted from placing signs in the common area without the landlord’s approval or installing a new staircase to the basement without the landlord’s approval. Id. Here, Spring Realty Trust assumed no contractual responsibility to make repairs. There were very limited restrictions placed on Bond Brothers’ ability to use the premises.[3] In fact, the lease provisions expressly allowed Bond Brothers to construct a new building on the premises without Spring Realty Trust’s oversight.
The plaintiffs reliance on Robert Williams, Inc. v. Ferris, 355 Mass. 288 (1969), is instructive, albeit not in the direction of the plaintiff s proposed outcome. In Robert Williams, the controls for a large sprinkler system were located in a shed on the premises. Id. at 290. The defendant did not own or occupy the shed. Id. However, through its actions, the defendant had assumed control and maintenance of the shed and therefore could be held liable if it negligently maintained the shed. Id. at 291-93.
The plaintiff cites this case as demonstrative of the principle that the right to control, not the exercise of control, is paramount. However, the defendant in Robert Williams is most analogous to Bond Brothers, the company that exercised control over the parking lot for the past thirty years, in the same manner that the defendant in Robert Williams controlled the shed. The only difference is, here, Bond Brothers has accepted that it controlled the instrumentality (the parking lot) in question.
Other cases the plaintiff cites are likewise inapposite. Rouillard v. Canadian Klondike Club, Inc., 316 Mass. 11, 13 (1944) (defendant social club, not landowner, that rented amusement grounds for one day liable to business invitee for injuries suffered after fall from swing set); Marsden v. Eastern Gas & Fuel *51 Assocs., 7 Mass.App.Ct. 27, 30 (1979) (defendant that controlled and maintained road but did not hold legal title still liable because exercise of control is crucial inquiry); Reil v. Lowell Gas Co., 353 Mass. 120, 127-28 (1967) (finding “exclusive control” where defendant gas company had statutory right of access and right to exclude others from gas fixture it had installed at company); O’Brien, 422 Mass. at 283 (defendantliable because it had express contractual responsibility for repairs and lease did not permit tenant to make repairs).
When reviewing to determine if a duty exists, it is sometimes instructive for the Court to consider the policy implications of its decision. “The concept of ‘duty ... is not sacrosanct in itself, but is only an expression of the sum total of . . . considerations of policy which lead the law to say that the plaintiff is entitled to protection ... No better general statement can be made than that the courts will find a duty where, in general, reasonable persons would recognize it and agree that it exists.’ ” Luoni v. Berube, 431 Mass. 729, 735 (2000), quoting W.L. Prosser & W.P. Keaton, Torts §53 (5th ed. 1984). Here, holding Spring Realty Trust responsible for Ms. Navarro’s injuries does nothing further to ensure that people behave reasonably toward one another. Bond Brothers was responsible for the plaintiffs safety on the day of the injury. The fact that the workers’ compensation statute bars that particular avenue of recovery against her own employer, does not mean that Ms. Navarro must also have recourse against Spring Realty Trust.
The plaintiff has failed to allege specific facts showing that there is a genuine dispute as to whether Spring Realty Trust contracted with Bond Brothers for the maintenance of the parking lot or retained control of the parking lot as a common area under the Trust’s control. The summary judgment record in this particular case shows that Spring Realty Trust did not owe the plaintiff a duty of care and therefore, summary judgment should enter in the defendant’s favor.
ORDER
For these reasons, Spring Realty Trust’s motion for summary judgment is ALLOWED, and the complaint shall be DISMISSED.
Judgment shall enter forthwith for the defendant Spring Realty Trust.

 Landlords may not be liable for an unsafe condition even when they have actual notice of the condition. Agustynowicz v. Bradley, 25 Mass.App.Ct. 405, 408 (1988) (defendant landlord not negligent even though one owner had actual knowledge of the unsafe condition that caused injury).

 The 1989 lease states: That in consideration of the rent ... the Lessor does hereby demise and lease unto the Lessee part of the premises, including land and buildings thereon . . . The Lessee shall have the right to erect on said premises a building and improve said premises for the conduct of its business, provided however that said building, together with fixtures therein, or improvements, shall become the property of the Lessor at the termination of this lease.”

 The 1989 lease states: “said premises shall not be overloaded, damaged or defaced; and no trade or occupation shall be carried on upon the said premises, or use made thereof which shall be unlawful, improper, noisy, or offensive, or contrary to any law of the Commonwealth ...”