Ferrara, Johns., J.
On April 16,2010, the plaintiff, Olive Vilensky, brought this action against the town of Milford. On April 22, 2011, the plaintiff moved to amend her complaint to add The Greenleaf Garden Club of Milford as a defendant. The plaintiff alleges negligence. The defendant, The Greenleaf Garden Club of Milford, Inc., now moves for summary judgment pursuant to Mass.R.Civ.P. 56. For the reasons set forth below, the defendant’s motion for summary judgment is ALLOWED.
BACKGROUND
The facts and reasonable inferences therefrom, viewed in the light most favorable to the nonmoving party, are as follows.[2]
The plaintiff is a retired woman who resides in Hopedale, Massachusetts. At the time of the events described herein, she was a member of the Red Hat Society, a worldwide social group with various chapters. On October 15, 2008, she drove her car to a designated parking area for the Milford Public Library in Milford, Massachusetts, where she was to attend a meeting of the Red Hat Society. No fee was charged to the society or the plaintiff for the use of the library on this date.
The plaintiff left her car and walked toward a library entrance through a landscaped area that sits between the library and the parking lot. As she traversed the path through this area, the plaintiff tripped on the raised edge of one of the concrete slabs which comprised the walkway. This raised edge was covered with leaves at the time, making it difficult to see. The plaintiff caught her foot on this edge, causing her to fall and strike her hand and chin. As a result, the plaintiff broke bones in her hand which required surgical repair. The surgery was temporarily disabling and the plaintiff subsequently has sustained a lasting loss of strength and range of motion in her hand.
The walkway in question was owned by the town of Milford, which was responsible for its maintenance. Maintenance, such as sweeping, was conducted on the walkway by the custodial staff of the library. The defendant volunteered to provide upkeep of the flower beds in the landscaped area. This work consisted of pruning dead flowers, planting and mulching. It sometimes required Garden Club volunteers to clean up dirt from the walkway if they spilled it there in the course of their work, but did not require maintenance of the walkway. If volunteers on occasion left debris on the walkways from their work, the library’s maintenance staff cleaned it up.
There was also a tree in the landscaped area, the roots of which caused the uplift of a concrete slab. The plaintiff tripped on this uplifted slab. The defendant may have planted this tree and maintained it as part of the general upkeep of the plantings.
DISCUSSION
Summary judgment is appropriate if “the pleadings, depositions, answers to interrogatories, and responses to requests for admissions under Rule 36, together with the affidavits . . . show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989); Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary *452 judgment record entitles the moving party to judgment as matter of law. Pederson, 404 Mass. at 16-17. The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party will not reasonably be able to prove an essential element of his case. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors, 410 Mass. 706, 716 (1991).
Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact for trial. Mass.R.Civ.P. 56(e); Pederson, 404 Mass. at 17. The court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. Attorney Gen v. Bailey, 386 Mass. 367, 370-71 (1982).
The plaintiff asserts that the defendant was negligent in planting the tree that caused the uplift in the concrete walkway. Further, she charges that the defendant compounded its own negligence by failing to remove debris from its work on the flower beds, thus concealing the hazardous uplift in the walkway. The defendant asserts that it had no ownership or control over the walkway.
To successfully prove a negligence claim, a plaintiff must show that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was “a causal relation between the breach of the duty and the damage.” Jupin v. Kask, 447 Mass. 141, 146 (2006). One basis for the existence of the duly could be ownership. An owner or possessor of land as a general matter “owes to all persons lawfully on the premises a common-law duly of reasonable care to maintain the property in a reasonably safe condition . . .” Costa v. Boston Red Sox Baseball Club, 61 Mass.App.Ct. 299, 302 (2004). However, the defendant did not own or control the walkway and, thus, cannot be assigned a duty on these grounds.
Alternately, a duly will be found “where, in general, reasonable persons would recognize it and agree that it exists.” Luoni v. Berube, 431 Mass. 729, 735 (2000), quoting W.L. Prosser & W.P. Keeton, Torts §53, at 358-59 (5th ed. 1984). “We have recognized that ‘[a]s a general principle of tort law, every actor has a duty to exercise reasonable care to avoid physical harm to others.’ ” Jupin, 447 Mass. at 147, quoting Remy v. MacDonald, 440 Mass. 675, 677 (2004). Any duty owed by the defendant, then, will be determined by its actions as they affected the plaintiff.
The only actions complained of here are the defendant’s possible planting of a tree at some point in the past and its occasional practice of leaving garden debris for the custodial staff to remove. A defendant is liable in negligence only for the forseeable consequences of his actions. Foley v. Boston Hous. Auth., 407 Mass. 640, 646 (1990). The court holds that it was not a forseeable consequence of planting and maintaining a tree that the plaintiff would be injured. A defect in a walkway owned by a third party, even if attributable to the tree’s growth, and the plaintiffs resulting injury, were not forseeable consequences of the defendant’s alleged action.
The practice of occasionally leaving garden debris for the custodial staff also fails as a basis for a negligence claim. The plaintiff has made no showing that the defendant left behind garden debris in the period leading up to her injury. Even if the plaintiff were to show that the defendant gardened in the flower beds next to the path and left behind debris in the period leading up to her injury, the plaintiff has no reasonable prospect of proving that the leaves that obscured the raised edge on which she tripped had been left behind by the defendant. As the plaintiff will be unable to prove this essential element of her case, summary judgment for the defendant on this theory of negligence is appropriate.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Defendant’s Motion for Summary Judgment is ALLOWED. Judgment shall thereby enter for the defendant The Greenleaf Garden Club of Milford, Inc.

 Foster v. Group Health, Inc., 444 Mass. 668, 672 (2005).