NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-1998                                        Appeals Court

    JANE DOE & another[1]  vs.  BOSTON MEDICAL CENTER CORPORATION.


No. 13-P-1998.

    Suffolk.     May 6, 2015. - September 9, 2015.

        Present:  Rubin, Brown, & Maldonado, JJ.


Practice, Civil, Summary judgment.  Negligence, Hospital, Duty
     to prevent harm, Foreseeability of harm.


     Civil action commenced in the Superior Court Department on
March 2, 2011.

     The case was heard by Heidi E. Brieger, J., on a motion for
summary judgment.


     Matthew W. Perkins for the plaintiffs.
     Joseph A. King (Kevin M. Sullivan with him) for the
defendant.


     BROWN, J.  The plaintiffs, Jane and John Doe, filed an

amended complaint for negligent supervision and loss of

consortium, arising out of an assault on Jane by Boston Medical

Center Corporation (hospital) interpreter Thomas Consoli.  A

---

     [1] John Doe.  The plaintiffs' names are pseudonyms.

Superior Court judge entered summary judgment in favor of the hospital. The plaintiffs appeal. We reverse.

1. Background. We summarize the relevant facts from the record in the light most favorable to the nonmoving party. See Foster v. Group Health Inc., 444 Mass. 668, 672 (2005). The facts as written are undisputed. In 2004, after obtaining a Criminal Offender Record Information (CORI) report from the Criminal History Systems Board, indicating no prior criminal convictions, the hospital hired Consoli as an interpreter. Shortly after being hired Consoli was oriented and informed of the hospital's policies. One such policy was that as an interpreter, Consoli was never to touch or be alone with any patients. This policy was self-regulated by Consoli, that is, the only person to insure that Consoli was never alone with a patient was himself.

On March 31, 2008, Jane, a Spanish-speaking immigrant from Guatemala who understands minimal English and has no formal education, was admitted to the hospital in connection with the impending labor and delivery of her first child. She was directed to a room and changed into a hospital gown. At or shortly after 3:05 P.M. Consoli entered Jane's hospital room and translated between Jane and Jane's doctor and nurse. After speaking with Jane, Consoli and the medical team went out of the room, leaving her door open. Consoli told the nurse that he was

going to another assignment in triage, but when she departed, he remained outside Jane's room.

Soon after, Consoli reentered Jane's room, alone, and asked Jane where she felt pain. He told her that he was examining her for medical purposes, lifted her gown, and touched her abdomen and vagina, then left the room. The nurse returned and found Consoli outside Jane's room. She informed him that she would page interpreter services when the anesthesiologist arrived. Consoli left the area at about 3:15-3:20 P.M.

At about 3:20 P.M. that day, the hospital's director of patient advocacy was notified by another patient's primary care doctor that his patient had been sexually assaulted in the hospital that morning at around 9:15 A.M. by an interpreter in another part of the hospital. The hospital's department of public safety was notified immediately and an investigation was begun. Later that day, it was discovered that Consoli had been the patient's interpreter. The hospital placed Consoli on leave pending the outcome of the investigation and deactivated his electronic access to the hospital. He was subsequently terminated.[2]

2. Discussion. We review the grant of summary judgment de novo. Epstein v. Board of Appeal of Boston, 77 Mass. App. Ct.

---

[2] Consoli was later convicted of indecent assault and battery and assault and battery for his actions. See Commonwealth v. Consoli, 82 Mass. App. Ct. 1109 (2012).

752, 756 (2010).  The order will be affirmed if, when "viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law."  Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991), citing Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974).  See Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002).

In their complaint, the plaintiffs claimed that the hospital should be held liable for its negligent supervision of Consoli.  Ordinarily, "summary judgment is not an appropriate means to resolve negligence cases, because usually the question of negligence is one of fact. . . .  However, a judge may decide the issue as matter of law when no rational view of the evidence permits a finding of negligence."  Roderick v. Brandy Hill Co., 36 Mass. App. Ct. 948, 949 (1994).  This is not such a case.

"To prevail on a claim of negligence, 'a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage.'"  Lev v. Beverly Enterprises-Massachusetts, Inc., 457 Mass. 234, 239-240 (2010), quoting from Jupin v. Kask, 447 Mass. 141, 146 (2006).  Hospitals are responsible for "exercising reasonable care to ensure that their employees do not cause foreseeable harm to a

foreseeable class of plaintiffs." Roe No.1 v. Children's Hosp.
Med. Center, 469 Mass. 710, 714 (2014). Such a duty arises when
the hospital "employment facilitates the employee's causing harm
to third parties." Lev, 457 Mass. at 244 (citation omitted).
Employment is a special relationship giving rise to a duty of
reasonable care to third parties "when the employment
facilitates the employee's causing harm to third parties";
"[e]mployment facilitates harm to others when the employment
provides the employee access to physical locations . . . or
other means by which to cause harm that would otherwise not be
available to the employee." Restatement (Third) of Torts:
Liability for Physical and Emotional Harm § 41 & comment e, at
67 (2012). Consoli's employment facilitated the sexual assault
upon Jane as it gave him the means to access her room alone.
Thus, the hospital had a duty to exercise reasonable care to
protect Jane against foreseeable harm done by its employees.

The motion judge ruled that "no rational view of the
evidence permits a conclusion that [the hospital] could have
foreseen Consoli's assault on Doe." This was in error. The
question should not have been whether Consoli's specific assault
was foreseeable based on his prior conduct, but rather whether
an assault on an unattended, minimally clothed patient was
foreseeable when her room door was unlocked, open, and
unmonitored, and unauthorized hospital employees had access to

it.  The hospital's policy regarding interpreters being alone with patients makes it clear that such harm was foreseeable. Thus, the question whether the hospital met its duty of reasonable care still remains a genuine issue of material fact for the jury to decide.  See and compare <u>Mullins</u> v. <u>Pine Manor College</u>, 389 Mass. 47, 56, 58 (1983).

Accordingly, we reverse the order allowing the motion for summary judgment and remand for further proceedings.

<u>Judgment reversed</u>.