This appeal involves a negligence action brought by the plaintiff, Nicholas Salvi, against the former president and vice-president of the Theta Chi fraternity at the University of Massachusetts at Amherst (University). After a hearing on cross motions for summary judgment, the judge allowed the defendants' motion. A separate and final judgment for the defendants entered pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 820 (1974). The plaintiff appealed. We affirm.
Background. The following material facts are not in dispute.[4] On September 6, 2014, the plaintiff traveled with his friend, Barrett Lyons, to the University. Neither was a University student. Around midnight, the plaintiff and Lyons went with their friend Matthew Rocha, a University student, to the Theta Chi fraternity and stood in line to enter. The plaintiff and Lyons were denied admission.[5] A fight broke out at the fraternity entrance involving a group of people who were not admitted to the party. Lyons was punched by an unidentified person, and then Lyons began chasing that person.
The plaintiff and Rocha began walking away from the fraternity house in the direction of Mahar Auditorium. Rocha saw the plaintiff suddenly hit the ground, and saw Lyons standing there. Rocha testified at a deposition that Lyons ran into the plaintiff, causing the plaintiff's injuries. While the plaintiff denied in his deposition having any knowledge that Lyons may have caused his injury, at the motion hearing, plaintiff's counsel agreed that Lyons intentionally struck the plaintiff while mistakenly perceiving the plaintiff as a threat to Rocha.
Discussion. An appellate court "review[s] a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.... Because our review is de novo, we accord no deference to the decision of the motion judge.... The moving parties, here [two] defendants, have the burden of establishing that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law." DeWolfe v. Hingham Centre, Ltd., 464 Mass. 795, 799 (2013). The moving parties can meet their burden by either affirmatively negating an essential element of the plaintiff's claim or by showing that the plaintiff had "no reasonable expectation of proving an essential element" of his case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
1. The record on review. The plaintiff accepted the motion judge's recitation of the facts with four exceptions. First, the plaintiff argues that the judge improperly referred to people exiting the fraternity and "into the melee" as "unidentified," and should have found that they were fraternity members. The defendants agree that members of the fraternity came out to try to calm down individuals outside in line, though those members were not identified by name. This fact is immaterial, however. The plaintiff does not dispute that an unidentified person punched Lyons and ran away.
The plaintiff also challenges the judge's recitation of undisputed facts to the extent it states that the plaintiff and Rocha "began walking in the direction of Mahar Auditorium. Mahar Auditorium is approximately 80 to 100 yards from Theta Chi." The plaintiff argues that the judge intimated that the plaintiff was injured when he was eighty to one hundred yards from the fraternity, whereas Rocha testified that the plaintiff was approximately fifteen yards from the fraternity when injured. This challenge is without merit because the judge was referencing the distance from the Auditorium to the fraternity, not the plaintiff's distance from the fraternity.
Next, the plaintiff challenges the judge's conclusion that "the injury did not occur on Theta Chi premises and Salvi does not offer any evidence that his injury occurred there." He argues that Rocha's testimony that the plaintiff was injured fifteen yards from the fraternity "raises a fact question whether he was on Theta Chi's property" at the time he was injured. Even assuming that the plaintiff was fifteen yards from the fraternity, he offered no evidence that the fraternity owned the property where he was injured. The judge's recitation of the state of the record was not in error and, as discussed infra, the plaintiff's location at the time he was injured is not material.
The plaintiff also argues that the judge assessed the credibility of the plaintiff. The record belies this claim. The judge properly summarized the plaintiff's contradictory deposition testimony without findings regarding credibility.[6]
Finally, the plaintiff challenges the judge's description of the party as not "open" to the uninvited, where one fraternity member testified that "the guest list was usually pretty relaxed." The fraternity member's testimony does not indicate that the party was open to all and cannot be so broadly interpreted. See First Natl. Bank of Boston v. Slade, 379 Mass. 243, 246 (1979) ( "Although inferences may be drawn from underlying facts ... neither vague allegations and conclusory statements, nor assertions of inferences not based on underlying facts will suffice").
2. Duty of care. "To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage." Jupin v. Kask, 447 Mass. 141, 146 (2006). The plaintiff argues that the defendants owed him a duty of care to provide reasonable security at the party. A judge may decide the issue of negligence by summary judgment "when no rational view of the evidence permits a finding of negligence." Doe v. Boston Med. Center Corp., 88 Mass. App. Ct. 289, 291 (2015) (quotation omitted).
In reviewing the summary judgment record in the light most favorable to the plaintiff, there was not a sufficient showing from which a jury could find that a reasonable host should have foreseen the danger of what occurred here. It is undisputed that Lyons-the plaintiff's friend-assaulted the plaintiff. The plaintiff failed to establish that the fraternity owed a duty to the plaintiff where the defendants were not commercial hosts open to the public, did not invite the plaintiff and Lyons, did not admit them to the party, and did not serve them alcohol, and where the attack on the plaintiff was committed by his own friend and not another third party trying to enter the party. See, e.g., Husband v. Dubose, 26 Mass. App. Ct. 667, 670 (1988) ("[S]ocial hosts ordinarily would not be expected to anticipate that a guest in their home or apartment might be violently attacked ... by another guest").[7]
3. Fees and costs. The defendants have requested an award of the attorney's fees incurred on appeal, as well as double costs. We agree that such an award is appropriate. The defendants may submit a petition for fees and costs, together with supporting materials, within fourteen days of the date of the rescript of this decision. The plaintiff shall have fourteen days thereafter to respond. See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).
Judgment affirmed.

The plaintiff failed to include the complete summary judgment record in the record appendix, contrary to Mass.R.A.P. 18(a), as amended, 425 Mass. 1602 (1997). See Cameron v. Carelli, 39 Mass. App. Ct. 81, 83-84 (1995). The missing materials were included in the defendants' supplemental appendix. Review of the plaintiff's claims was further hampered by his failure to cite to specific page numbers of the appendix for his factual claims.

It is not clear from the record whether Rocha gained entry into the party.

The plaintiff had been drinking on the night in question and Lyons knocked him unconscious; the plaintiff testified that he was "fuzzy" about what happened.

To the extent that we do not address the plaintiff's other arguments, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).