NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1149

RICKY J. FRENI

vs.

UBER TECHNOLOGIES, INC., & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal arises from an incident that occurred in February of 2019, after Guilherme Rocho picked up an intoxicated passenger, Matthew Tyre, while working as a driver for the ridesharing company, Uber Technologies, Inc., and its holding company, Rasier, LLC (collectively, Uber).  During the ride, Tyre became enraged and began assaulting Rocho.  Fearing for his safety, Rocho pulled over to the breakdown lane, ran from the vehicle with its engine still running, and dialed 911.  Tyre started chasing Rocho, threw a glass bottle of whiskey at him, and punched him twice in the arm.  Tyre then ran back towards the vehicle, sat in the driver's seat, and fled the scene without Rocho.  While commandeering the vehicle, Tyre collided

_____

[1] Rasier, LLC; Guilherme Rocho; and James River Casualty Company.

with a truck parked on the side of the road.  The plaintiff was sitting inside the truck and sustained significant injuries.

The plaintiff now appeals from a Superior Court judgment allowing Uber's motion to dismiss; allowing Rocho's motion for judgment on the pleadings; allowing the assented-to motion to dismiss filed by Rocho's insurance company, James River Casualty Company (JRCC);[2] and dismissing his amended complaint.  On appeal, the plaintiff claims that the judge erred in dismissing his amended complaint because the plaintiff alleged facts plausibly suggesting an entitlement to relief.  We affirm.

Discussion.  "A defendant's rule 12 (c) motion is 'actually a motion to dismiss . . . [that] argues that the complaint fails to state a claim upon which relief can be granted.'"  Jarosz v. Palmer, 436 Mass. 526, 529 (2002), quoting J.W. Smith & H.B.

---

[2] JRCC had initially moved to dismiss, or in the alternative, to sever and stay the plaintiff's G. L. c. 93A, § 176D, claim against him.  The judge took no action on the motion to dismiss but severed and stayed the G. L. c. 93A, § 176D, claim pending resolution of the plaintiff's tort claims against Rocho and the Uber defendants.  JRCC then filed a motion for reconsideration, which was denied.  Once the tort claims were resolved by the above-mentioned motions, the plaintiff filed his first notices of appeal.  However, his appeal was not perfected because of the remaining claim against JRCC.  Thus, JRCC moved to dismiss the remaining G. L. c. 93A, § 176D, claim with the assent of all parties, which was allowed.  In any event, as the plaintiff conceded at oral argument, he has waived all claims against JRCC on appeal by not raising them in his brief.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  Therefore, we only address the claims against the remaining defendants herein.

Zobel, Rules Practice § 12.16 (1974).  "We review the allowance of a motion to dismiss de novo," accepting as true the facts alleged in the plaintiff's complaint and any favorable inferences that reasonably can be drawn from them.  Galiastro v. Mortgage Elec. Registration Sys., Inc., 467 Mass. 160, 164 (2014).  "In assuming the facts as alleged, however, '[w]e do not regard as "true" legal conclusions cast in the form of factual allegations.'"  Sudbury v. Mass. Bay Transit Auth., 485 Mass. 774, 778-779 (2020), quoting Leavitt v. Brockton Hosp., Inc., 454 Mass. 37, 39 n.6 (2009).  The facts alleged in the complaint and the reasonable inferences drawn therefrom must be enough to plausibly raise an entitlement to relief to survive a motion to dismiss.  See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).

"To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage."  Jupin v. Kask, 447 Mass. 141, 146 (2006).  As the plaintiff concedes, "the question whether the complaint properly was dismissed turns on whether the plaintiff alleged facts demonstrating that the defendant had a duty to the [plaintiff] to protect him against harm from third parties."  Heath-Latson v. Styller, 487 Mass. 581, 584 (2021).

"Fundamentally, the existence of a duty of care depends upon the foreseeability of a risk of harm that the defendant has an ability to prevent." Heath-Latson, 487 Mass. at 584. "This duty generally does not extend to taking 'affirmative steps to protect against dangerous or unlawful acts of third persons.'" Id., quoting Luoni v. Berube, 431 Mass. 729, 731 (2000).

However, Massachusetts courts have recognized a duty to protect against the conduct of a third party for the benefit of another in narrowly prescribed circumstances. See Leavitt, 454 Mass. at 41-42; Mullins v. Pine Manor Coll., 389 Mass. 47, 54-55 (1983) (colleges have duty to protect resident students against foreseeable criminal acts of third parties); Doe v. Boston Med. Ctr. Corp., 88 Mass. App. Ct. 289, 291-292 (2015) (hospitals have duty to protect patients from foreseeable harm caused by its employees where employment facilitated harm). "A duty to protect against harm caused by the conduct of a third person arises where there is a 'special relationship' between a defendant and a plaintiff such that the 'defendant reasonably could foresee that he would be expected to take affirmative action to protect the plaintiff and could anticipate harm to the plaintiff from the failure to do so.'" Heath-Latson, 487 Mass. at 585, quoting Irwin v. Ware, 392 Mass. 745, 756 (1984).

Here, the plaintiff claims that a special relationship existed between him and Uber, and by extension, Rocho, such that

4

they were required to take affirmative steps to protect him from Tyre's criminal conduct, which he avers was foreseeable. In particular, the plaintiff claims that Uber, and by extension, Rocho, are common carriers owing him this duty of care. We disagree.

"It is the long settled law of this Commonwealth that a common carrier owes to its passengers the highest degree of care in the anticipation and prevention of violence from its employees, other passengers, and even strangers, as is consistent with the nature and operation of its business." Quigley v. Wilson Line of Mass., Inc., 338 Mass. 125, 128 (1958). Even if we were to categorize Uber and Rocho as common carriers, a common carrier does not owe nonpassengers, like the plaintiff, a duty to prevent harm caused by the criminal conduct of its passengers. See id. Neither Uber nor Rocho had any kind of relationship with the plaintiff that would allow for the imposition of a duty of care. Additionally, the facts alleged in the amended complaint do not indicate that Tyre's criminal conduct would have been reasonably foreseeable to either defendant such that they should be required to take the affirmative steps the plaintiff has proposed.[3]

---

[3] For this reason, we also decline to impose a duty on Uber or Rocho as a matter of public policy. See Heath-Latson, 487 Mass. at 584. The plaintiff's public policy argument is a matter for the General Court, not our court.

5

Moreover, Tyre's criminal conduct is a superseding cause that "breaks the chain of proximate causation" to Uber and Rocho. Copithorne v. Framingham Union Hosp., 401 Mass. 860, 862 (1988). Thus, any negligence by Rocho that could be found in failing to remove his keys from the ignition of the vehicle is not the proximate cause of the plaintiff's injuries. See Jesionek v. Massachusetts Port Auth., 376 Mass. 101, 104-105 (1978) ("negligence in leaving keys in the ignition of a parked car is not the proximate cause of injuries resulting from the operation of the car by a thief"), and cases cited. Accordingly, Uber cannot be held liable under a theory of respondeat superior, even if we were to conclude that Rocho should be classified as an employee of Uber. Nor could Uber be held liable for any direct negligence that could be found in its failure to implement training for its drivers or other measures to prevent the harm caused due to the lack of proximate causation.

In sum, the plaintiff has failed to plead factual allegations plausibly suggesting an entitlement to relief. While we acknowledge the extent of the plaintiff's injuries and other damages suffered, the facts alleged do not indicate a duty of care nor proximate causation on the part of either Uber or

Rocho to impose liability for negligence under any theory proffered by the plaintiff.

Judgment affirmed.

By the Court (Meade, Singh & Smyth, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  December 13, 2023.

---

[4] The panelists are listed in order of seniority.